# KENTUCKY COURT OF APPEALS

## 1871

JOHN ALLEN'S EXECUTOR *v.* ISAAC ALLEN.

**Wills—Probate—Undue Influence.**

> The will was signed by the testator in the presence of the witnesses and attested by them in his presence and at his request. He was then of sound mind and memory and with mental capacity sufficient to fully comprehend what he was doing and there is no proof of undue influence.

**Wills—Son Forfeits Claim to Parental Kindness.**

> Although the testator has stated that he intended to give his home place to his son, and there may be no doubt of his intention at the time, yet the bad treatment of the father by the son was the sole cause of the father depriving him of any interest in the estate.

**Wills—Probate—Appeal—Court of Appeals Will Render Final Judgment on Reversal.**

> Where an appeal is taken from a judgment rendered in proceeding to probate a will the court of appeals will render a final judgment on reversal of the case.

APPEAL FROM GRAYSON CIRCUIT COURT.

September 21, 1871.

OPINION BY JUDGE PRYOR:

John S. Allen died in the county of Grayson, leaving a paper purporting to be his last will and testament, by which he devised the greater portion of his estate to his grandchildren, the children of his deceased daughter, Mrs. Cockerill.

The appellee Isaac Allen, a son of the testator, opposed the probate of the paper as the last will of his father, and upon an issue of *devistavit vel non*, made in the Grayson circuit court, the jury by their verdict said: "That the paper was not the last will and testament of John Allen," and this verdict being sustained by the court below, the case is brought here for revision. The paper produced as the will of the intestate was written by Dr. R. W. Brandon, a man of intelligence and the family physician of Allen. It was written in the presence of the

two subscribing witnesses who state, as well as the draftsman, Doctor Brandon, that the contents of the will were all dictated by the old man without scarcely a suggestion from any one present. That it was signed by him in their presence, and attested by them in his presence and at his request as his last will. He was then of sound mind and memory, and with mental capacity sufficient to fully comprehend and understand what he was doing. The ground relied on, however, for setting aside this paper, is that it was procured by the exercise of an undue influence of one Johnson and some members of his family over the old man. After a careful examination of all the testimony offered on this point the court has been unable to discover where Johnson or his family exercised, or attempted to exercise, any influence over the old man in regard to the execution of the will. They expressed to some witnesses, in the presence of the old man, their gratification at the execution of the paper, and seemed to be acquainted with its contents, and said that the old man had always taken their advice except in one instance when he refused to remove some old lady from his premises. Johnson nor his family derived no benefit from any provision of the will, and have no motive, so far as this record discloses, to induce the old man to disinherit his son. It is true that the old man frequently stated that he intended to give his son the home place, and there is no doubt but what he intended to dispose of his property in that way when these statements were made. His affection for his son seems to have lessened after this time, and in the presence of several of his neighbors he declared that his son should receive no more of his estate. These statements were made when Johnson was not living in the county, and were caused by the bad treatment of the father by the son. This bad treatment is clearly established by the proof, and the son's own conduct induced the father to deprive him of any interest in the estate. His property was worth not exceeding $2,000. One of the children of his deceased daughter (a little girl), who is the principal devisee under the will, after the death of the mother had been taken by the old man to raise. Her father died in the army, and devisor was much devoted to her. With this affection for this little girl it is not unnatural that he should make her the recipient of the greater portion of his small es-

tate. The son had forfeited all claim upon parental kindness, and the proof in this case fully justifies the old man in making his two orphan grandchildren the objects of his bounty. It is adjudged by this court that the paper dated the 29th of March, 1868, signed by John S. Allen as his last will, and attested by I. G. Clagett and George Moosley, is the true last will and testament of John Allen. The order of the Grayson circuit court rejecting said will is reversed, and that court is directed to certify the proceedings and the judgment of this court to the Grayson county court, with directions to admit the will to probate and enter the same of record.

*Wintersmith, for appellant.*

*Conklin, for appellee.*